UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CAROLYN JOHNSON                          CIVIL ACTION NO. 07-0021

versus                                           JUDGE HICKS

CLAIBORNE PARISH SCHOOL         MAGISTRATE JUDGE HORNSBY
BOARD, ET AL.

## REPORT AND RECOMMENDATION

**Introduction; Other Civil Actions**

Carolyn R. Johnson ("Plaintiff") has filed, without the assistance of counsel, ten civil actions between December 4, 2006 and February 10, 2007. They are Johnson v. Police Department of Haynesville, et al., 06 CV 2295 (alleging unlawful eviction and seeking $2,000,000 in damages and the dismissal of certain elected officials); Johnson v. Haynesville Housing Authority, et al., 06 CV 2300 (alleging unlawful eviction and seeking FBI and CIA investigations); Johnson v. Centerpoint Energy, et al., 06 CV 2314 (complaining of disconnection of utility services and seeking $1,500,000 in damages and personal restraining orders); Johnson v. Haynesville Housing Authority, et al., 06 CV 2315 (alleging illegal eviction and praying for an FBI investigation and dismissal of public officials); Johnson v. School Board of Claiborne Parish, et al., 07 CV 21 (seeking $1,000,000 in damages because defendants allegedly failed to acknowledge an application for employment); Johnson v. Public Service Commission, et al., 07 CV 22 (asking for $1,000,000 and that PSC members be sanctioned for not handling a utility problem to Plaintiff's satisfaction); Johnson v. Entergy, et al., 07 CV 70 (seeking $2,500,000 in damages based on alleged disconnect of

electricity); Johnson v. Minden Medical Center et al, 07 CV 209 (seeking $3,000,000 in damages for alleged medical malpractice and wrongful death); Johnson v. Kenynan Corp et al., 07 CV 220 (seeking $2,000,000 in damages and injunctive relief arising from a ban from Piggly Wiggly); and Johnson v. Graves et al, 07 CV 221 (seeking damages from a bank for not promptly funding her son's $2,000).[1]

Plaintiff has purported to represent her son in some of the cases, but because she is not an attorney admitted to this court she may only represent herself. Attempting to represent others is the unauthorized practice of law. Plaintiff has also signed many of her submissions as "Johnson and Associates," perhaps attempting to suggest that she is operating a lawfirm.

**This Civil Action**

Plaintiff filed this civil action against the Claiborne Parish School Board, Human Resources Director Mary McDaniel and Superintendent James Scriber. Plaintiff alleges that Defendants "failed to acknowledge petitioner's application" that was submitted for employment. She adds that Defendants gave no response as to why the application was not "screened," and Plaintiff says she presumes the application was shredded. Plaintiff does not invoke any particular statutes or cause of action in her complaint. She does allege that her (unspecified) "civil rights" were violated because the Board's human resources director "hired people for personal gain or someone she was personally involved with." Plaintiff adds

---

[1] Judge Hicks has imposed a sanction in one of Plaintiff's cases, Johnson v. Larry Graves, et al, 07 CV 221, that Plaintiff not be allowed to file any more civil actions without prior, written approval from a district judge.

that the director was "unprofessional hanging the telephone up when she find out that petitioner is on the lines." Plaintiff prays for an award of $1,000,000 in lost salary, plus attorney fees, costs and interest.

**Motion to Dismiss**

Defendants have filed a Motion to Dismiss that asserts Rule 12(b)(6) defenses of *res judicata* based on a state court judgment, failure to state a claim upon which relief can be granted and untimeliness. The motion also invokes other Rule 12(b) defenses of insufficient service and lack of subject matter jurisdiction. Some of the Rule 12(b)(6) defenses rely upon materials outside the complaint. Such materials may not be considered unless the court were to convert the motion to one for summary judgment and permit Plaintiff a ten-day opportunity to file any competent summary judgment evidence. The defenses that rely on extra-complaint evidence are not, as discussed below, presented sufficiently to prevail, so that conversion is not necessary.

The court may not resolve the case based on the *res judicata* defense. Defendants have submitted nothing more than the one-page judgment in a state court action that Plaintiff filed against these same defendants. The movants have not, however, submitted any documentation or competent evidence as to the claims that were presented in the state court action, so it is impossible for this court to determine whether the same claims were at issue. Defendants state in their memorandum that Plaintiff "previously filed a claim in state court,"

but they provide no additional information aside from the judgment. That is not a sufficient record on which to base a res judicata defense.

The untimeliness defense with respect to any Title VII claim is also not supported adequately to recommend it prevail. Defendants submit a copy of a Notice of Suit Rights letter issued by the EEOC in connection with a charge that Plaintiff filed against the Board. Defendants have not submitted a copy of the underlying charge of discrimination or other information from which it could be discerned that the claims that Plaintiff presented to the EEOC and that gave rise to the Notice of Suit Rights are the same claims that Plaintiff presents in her judicial complaint. If the claims are the same, then Defendants are correct that this civil action filed in January 2007 would be untimely because it was filed more than 90 days after the presumed receipt of the notice that was issued in June 2006. 42 U.S.C. § 2000e-5(f)(1); Taylor v. Books-a-Million, Inc., 296 F.3d 376 (5th Cir.2002) ("Title VII provides that claimants have ninety days to file a civil action after receipt of such a notice from the EEOC."). The current record does not permit disposition of the claims based on the timeliness defense.

Defendants have asserted defenses such as lack of proper service that would only delay resolution of the merits, and they have offered defenses such as *res judicata* and untimeliness that would require conversion of the motion and, in any event, are not supported by competent evidence in the record. The complaint may nonetheless be resolved on the merits now, without further delay or waste of judicial resources. That is because Plaintiff has

not alleged facts that give rise to an actionable claim under Title VII or other civil rights laws. Her complaint alleges that Defendants were unprofessional and hired other applicants for personal gain or because of personal relationships. Plaintiff does not allege any of the particular forms of discrimination that are forbidden by Title VII and similar laws. Plaintiff has filed a memorandum in opposition to the motion to dismiss, but she has not explained therein a factual or legal basis for an actionable claim.

Accordingly;

**IT IS RECOMMENDED** that Defendants' **Motion to Dismiss (Doc. 7)** be **granted** and that Plaintiff's complaint be **dismissed** for failure to state a claim upon which relief may be granted.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 19th day of March, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE